**MACKEY et v DUNKLE**

Ohio Appeals, 9th Dist, Wayne Co

No 931.   Decided Dec 21, 1934

H. R. Smith, Wooster, and Daniel C. Funk, Wooster, for plaintiffs in error.

L. R. Critchfield, Wooster, and Robert Critchfield, Wooster, for defendant in error.

## OPINION

PER CURIAM

A motion for a new trial was duly filed and overruled, and the cause is in this court on a petition in error, asking a reversal of that judgment.

Counsel for defendants contend that the petition sets up and the evidence shows that the alleged agreements with the defendants were separate and distinct; that because the defendants kept their business separate, the alleged account stated for $3,000 was an agreement with Mrs. Mackay only; that Mr. Mackay was not present and did not agree to pay said $3,000, and that even if he had so agreed afterwards, as claimed by plaintiff, it was then an agreement for the payment of the debt of another, and, not being in writing, was void under the statute of frauds.

Said counsel for defendants thus claim that the court erred in overruling the demurrer to the amended petition, that the verdict is against the manifest weight of the evidence, that the court erred in the admission and rejection of evidence, and make some slight claim under the recognized rule of "loco parenti."

First, Did the court err in overruling the demurrer on the ground of misjoinder of parties defendant, misjoinder of causes of action, or because the first cause of action in the petition did not state a cause of action, or was within the statute of frauds, or was barred by the statute of limitations?

It will be noted that the plaintiff sued the defendants jointly and alleged that he worked for defendants without the amount of compensation being fixed. The fact that one of the joint obligors agreed to pay a definite amount for the work to a particular date and the other obligor later consented to it, and also agreed to pay it in a particular way, surely would not make two separate causes of action, as there would be only one debt, to-wit, an account stated for $3,000; and, according to the allegations of the petition, both defendants agreed to said account stated and to pay it. We are therefore of the opinion that the petition states a cause of action against both defendants, that it does not allege two separate agreements, that the allegations of the petition do not bring either cause of action within the statute of frauds, nor is either cause of action barred by the statute of limitations, and that it was not error to overrule the demurrer.

Second, as to the "loco parenti" rule, suffice it to say that the evidence does not sustain any such situation in this case, and that, as to claimed error in the admission and rejection of evidence, we find no reversible error as against defendants.

Third, Is the verdict against the manifest weight of the evidence?

As to whether or not there was an account stated for $3,000 for services of plaintiff from the spring of 1914 to October 24, 1930, as to the individual or joint liability of the defendants therefor, and as to whether or not plaintiff had been compensated therefor, these were questions of fact for the jury to determine.

It must be borne in mind that, at all times between the spring of 1914 and October, 1930, and at all times prior thereto, as covered by the evidence, the defendants lived together as husband and wife.

It will also be noted that the two answers and the amended answer filed by defendants were all joint answers, in which they allege that their home was plaintiff's home, and that the home they gave him and the clothes and money they gave him more than compensated him for the work he did for them, and they make no claim in their answer of any separate agreements. In other words, by their own admissions, the home of defendants, as contributed to by both of them, made a home for plaintiff and became a part of the consideration for his work for them during all those years.

The action of the court in withdrawing the second cause of action from the jury at the close of all the evidence, of course rendered the evidence as to what work plaintiff did for defendants and what de-

fendants did for him after October, 1930, of little, if any, benefit to either party.

There is much testimony as to plaintiff working for the defendant Mr. Mackay on grading and excavating contracts in Cleveland, Shiloh, Gates Mills and other places, when defendants claim plaintiff was paid for his work.

The evidence discloses that such work was all done prior to 1914 and has little, if anything, to do with the relations of the parties after plaintiff began work in the spring of 1914 on the farm then owned by Mrs. Mackay's mother.

It is conceded by both sides that most of the work done by plaintiff, as alleged in his first cause of action, was done on a farm owned by the mother of Mrs. Mackay and which Mrs. Mackay inherited from her mother in 1916 when her mother died, said farm being referred to as the "big farm"; that Mr. Mackay ran said big farm from 1914 to 1922, and that Mrs. Mackay ran it after that time until they sold it in 1926 or 1927; that from 1922 to 1929 Mr. Mackay did contract work, grading in Wooster, where he also built some houses for sale; that whether defendants lived on said big farm or some other farm, plaintiff did the farm work; that defendants lived together, and although Mr. Mackay was working in town and kept his contract work separate, he came home to the farm and lived there, kept his horses and some of his men there, and as Mr. Mackey says, they always "wintered" on the farm even prior to 1914, when the farm was owned by the mother of Mrs. Mackay.

So that it would seem, from the evidence, that the defendants also used said big farm substantially as their own for many years prior to the death of the mother of Mrs. Mackay in 1916.

There is no claim and no evidence that plaintiff worked for any one else than defendants from the spring of 1914 to October 24, 1930.

There is a direct conflict in the evidence as to whether an account stated was agreed to on or about the end of the period of service sued for in the first cause of action, wherein it was claimed that Mrs. Mackay, on behalf of defendants, agreed to pay plaintiff $3,000 for his services to that time, and as to what Mr. Mackay said about said account stated, and as to the deed he executed to plaintiff, which, it is claimed, constituted strong evidence that he agreed to said account stated.

If the jury believed the testimony on behalf of plaintiff, we think there was ample evidence to warrant the jury in returning the verdict they did; at least we cannot say that it is against the manifest weight of the evidence.

The testimony of all witnesses, taken as a whole, concerning the deed which it is conceded Mr. Mackey executed and delivered to plaintiff, tends to corroborate the plaintiff's claim, if the jury believed the testimony in behalf of plaintiff, rather than the testimony in behalf of defendants, as the principal controversy concerning it was the purpose for which it was executed and delivered.

Finding no error prejudicial to defendants, the judgment is affirmed.

WASHBURN, PJ, FUNK and STEVENS, JJ, concur in judgment.